RONAI & RONAI, LLP
ATTORNEYS AT LAW

THE RONAI BUILDING
34 ADEE STREET
PORT CHESTER, NY 10573
TELEPHONE (914) 824-4777

May 13, 2022

**VIA ECF**
Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    Rivera v. Lettire Construction Corp. et al
               Case No.: 21-cv-06006-AJN-KHP

Dear Judge Parker:

      This office represents plaintiff Roman De Gabriel Rivera.

      While we truly did not want to bother the Court with this issue and are mindful that there is a Status Conference scheduled for May 25, 2022, due to the reasons detailed herein, we were simply left with no other choice.

      It is respectfully requested that a pre-motion conference be scheduled to allow plaintiff to file a motion to disqualify defense counsel Ropers Majeski, PC from representing the nine individuals they identified as being non-party fact witnesses in their May 10, 2022, Supplemental Disclosure.

      On November 29, 2021, defendants served their Initial Rule 26 Disclosure which identified three individuals that may have knowledge of facts and circumstances relevant to this case. The three individuals were: Boro Concrete laborer Guillermo Sanchez Melgarejo, The Moore Group safety manager Jose Cabrera, and Site Safety Medical employee Francis Buczynski, all non-parties[1] to the action. No contact information was provided for these individuals, in violation of FRCP 26(a)(1)(A)(i) and instead, the disclosure stated that each individual only "may be contacted through Defendant's counsel." [Defendants' Initial Disclosure, dated November 29, 2021, is annexed hereto as Exhibit A]

      On January 14, 2022, defendants supplemented their disclosure. The supplemental disclosure then stated that Mr. Buczynski could be contacted through his employer Site Safety

---

[1] The Moore Group was subsequently added as a defendant in plaintiff's Third Amended Summons and Complaint, dated January 24, 2022. [Docket No. 54]

1

Medical - and provided its out-of-state business address in Pittsburgh, PA.[2] [Defendants' Supplemental Initial Disclosure, dated January 14, 2022, is annexed hereto as Exhibit B]

When discussing other matters with Billy H. Kim, Esq. of Ropers Majeski, PC in advance of the March 9, 2022, Case Management Conference, I inquired as to why defense counsel was not providing contact information for non-party Guillermo Sanchez Melgarejo. Mr. Kim advised that since Guillermo's employer, Boro Concrete, "is on the same policy as the defendants" his firm would be representing Guillermo anyway, if he were to be subpoenaed. I informed Mr. Kim that I wholly disagreed with him, but that the issue could be discussed at a later date.

Party depositions were thereafter scheduled, and on the eve of May 3, 2022, the day before plaintiff's deposition was to be held, defense counsel served a Supplemental Initial Disclosure listing nine witnesses, including six newly disclosed individuals, who, according to the disclosure also "may have information regarding plaintiff's account of the underlying incident." These newly disclosed witnesses were five current - and one former - employee of Boro Concrete. The disclosure failed to provide addresses or telephone numbers for the five current employees, instead stating that they all "may be contacted through Defendant's counsel." [Defendants' Supplemental Initial Disclosure, dated May 3, 2022, is annexed hereto as Exhibit C]

I thereafter spoke with Mr. Kim and requested that he provide more detail as to what information these individuals allegedly possess[3] and their contact information, as well - so as to be in compliance with FRCP26 (a)(1)(A)(i). Mr. Kim reiterated that since Boro Concrete is "on the same policy", his firm would represent the witnesses "if they are subpoenaed" and therefore he did not need to provide contact information for them. I explained to Mr. Kim that regardless of his position in that regard, same would not excuse his non-compliance with FRCP 26(a)(1)(A)(i). Mr. Kim agreed to supplement the disclosure with more information as to what knowledge the witnesses possess, as well as their addresses.

Three days ago, on May 10, 2022, we received defendants' supplemental response.

To our surprise, the supplemental response finally listed contact information for <u>all nine (9) of the non-party witnesses</u>, however, the disclosure also states in bolded and underlined text that each and every one of the witnesses are: **"not to be contacted directly as he is represented by defense counsel. Any subpoena for a non-party deposition can be served directly on the undersigned"** which is Billy H. Kim of Ropers Majeski PC.[4] This directive was even set forth for Alex Tipan – identified as a *former* employee of Boro Concrete, as well as Site Safety Medical employee Francis Buczynski. [Defendants' Supplemental Initial Disclosure, dated May 10, 2022, is annexed hereto as Exhibit D]

---

[2] Upon information and belief Mr. Buczynski resides in New York.

[3] Mr. Kim represented to both our firm, as well as the Court, that none of the disclosed were eyewitnesses to the incident. [See Docket. No. 77-2]

[4] Interestingly, this disclosure now identifies Jose Cabrera as the "Boro Concrete safety manager" where in each of the prior disclosures he was identified as "The Moore Group safety manager."

We are particularly troubled by defense counsel's claims of representing nine non-party individuals who were all disclosed by defense counsel as fact witnesses allegedly possessing information relevant to this case, including a *former* employee of non-party Boro Concrete and an employee of non-party Safe Site Medical.

Of course, regardless of if Boro Concrete is "on the same policy", Ropers Majeski PC's representation of these non-party fact witnesses creates a *non-waivable conflict* should any of these witnesses provide testimony that incriminates any of its other clients – namely the defendants herein. [See Rule 1.7 of the NY Rules of Professional Conduct]. Indeed, defense counsel clearly <u>cannot</u> be 100% certain that all of these witnesses will testify in such a manner so as to not expose the defendants to liability. Any claim to the contrary by defense counsel would be quite curious.

The above also begs the question – why is defense counsel, first by refusing to give us contact information and now under the guise of "representation", <u>intentionally preventing</u> this office from contacting these non-party fact witnesses who may have information relevant to this case?

In accordance with Your Honor's Rules, yesterday, at approximately 1:00 pm, John Della Jacono, Esq. an attorney from our office had a telephone conversation with Mr. Kim to "meet and confer" regarding this very issue. Mr. Della Jacono explained our concerns and requested that defense counsel withdraw its representation of these individuals. Mr. Kim would not agree to do this but did tell Mr. Della Jacono that he would discuss the issue with the Managing Partner and call him back by the end of the day. Mr. Della Jacono even gave Mr. Kim his personal cell phone number in case he needed to reach him after regular business hours. However, as of the filing of this letter, we have not heard back from Mr. Kim.

As the non-party depositions must be held in June due to fact discovery deadline on July 15, we will need to serve subpoenas now, if necessary – therefore, time is of the essence. Further, every single day that we are prevented from being able to contact the witnesses, prejudices our client greatly.

Accordingly, it its respectfully requested that a pre-motion conference be scheduled to allow plaintiff to file a motion to disqualify Ropers Majeski, PC from representing the nine individuals identified as being non-party fact witnesses in their May 10, 2022, Supplemental Disclosure, and permission for us to contact the witnesses directly.

Thank you for your consideration of our request.

Respectfully,

Holly Ostrov Ronai (HO3923)

Cc: All parties via ECF

3