**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ROMAN DE GABRIEL RIVERA,

                                  Plaintiff,                          **21-CV-6006 (AJN) (KHP)**

                      -against-                                  **ORDER**

LETTIRE CONSTRUCTION CORP., et al.,

                                  Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

     On May 3, 2022, Plaintiff filed a letter noting a concern with Defense counsel's representation of nine non-party fact witnesses ("the Witnesses"). (ECF No. 79 at 1.) On May 25, 2022, I held a conference at which the parties were heard regarding whether the Court should disqualify defense counsel from representing the Witnesses. (*See* ECF No. 86.) At the conference, I determined that there was no reason to disqualify Defense counsel from representing the possible eye-witness to the incident, Mr. Guillermo Sanchez Melgarejo; the Safe Site medic who provided Plaintiff with medical treatment, Mr. Francis Buczynski; or the Moore Group safety manager, Jose Cabrera. I took the question of representation of the remaining six Witnesses under advisement. For the reasons stated below, Defense counsel is permitted to continue representing the six Witnesses.

## LEGAL STANDARD

     The Court may disqualify an attorney to "preserve the integrity of the adversary process*.*" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted). The court must "balance a client's right freely to choose his counsel against

the need to maintain the highest standards of the profession." *Id.* (quotation marks and citation omitted).  Given "their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny." *Scantek Med., Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008).  In deciding a motion to disqualify, the court may consider as guidance "state disciplinary rules, including. . . the New York Rules of Professional Conduct," ("NYRPC").  *Anderson v. City of New York*, 2017 WL 4382163, at *2 (S.D.N.Y. Sept. 29, 2017).

## APPLICATION

Plaintiff argues that defense counsel is conflicted from representing the Witnesses because the Witnesses' testimony might "expose the defendants to liability."  (ECF No. 79 at 2.) Plaintiffs point to NYRPC Rule 1.7, which provides that a conflict of interest exists if a reasonable lawyer would conclude that an attorney's dual representation "involves client interests that are antagonistic to one another."  *New York v. United Parcel Serv., Inc.*, 2016 WL 10672076, at *1 (S.D.N.Y. Sept. 2, 2016) (citing NYRPC 1.7(a)).  That the Witnesses may provide testimony adverse to the Defendants' interests is not sufficient to find that a conflict exists. *Bonner v. Guccione*, 1997 WL 91070, at *2 (S.D.N.Y. Mar. 3, 1997).  Crucially, regardless of their testimony, the Witnesses' *interests* are not in conflict with those of the Defendants, because the Witnesses are not parties to the litigation and have no stake in its outcome.  *Id.* (finding no conflict where defense counsel also represented fact witnesses because witnesses were not parties to the litigation); *see also United Parcel Serv., Inc.*, 2016 WL 10672076, at *1 (same).

Plaintiff also argues that Defense counsel improperly solicited the Witnesses, but it provides no evidence of improper solicitation, nor does it articulate any non-speculative reason to infer that improper solicitation occurred.  (*See* ECF No. 86.)  It is not improper for defense

counsel to speak with potential witnesses about their observations and subsequently to agree to represent them. *See Pagan v. C.I. Lobster Corp.*, 2022 WL 356428, at *1 (S.D.N.Y. Feb. 4, 2022) (finding magistrate judge did not err in denying motion to disqualify where moving party alleged that opposing counsel improperly solicited the witnesses while interviewing them). Indeed, when witnesses are current or former employees of a defendant, as is the case for several of the Witnesses here, such an arrangement is commonplace. *See United Parcel Serv., Inc.*, 2016 WL 10672076, at *1; *Sullivan v. Saint-Gobain Performance Plastics Corp.*, 2018 WL 11321826, at *4 (D. Vt. Dec. 28, 2018) (finding no improper solicitation where defense counsel offered to represent defendant's former employees after meeting with them for interviews).

Accordingly, Plaintiff has failed to meet its burden to show that disqualification is warranted. Plaintiff has access to the Witnesses through the normal discovery process. As always, counsel for the parties and Witnesses must continue to abide by all applicable ethical requirements and duties.

By June 15, 2022, the parties must meet and confer regarding a reasonable schedule for all as-yet-unscheduled depositions of fact witnesses and must file a letter outlining the proposed schedule.

**SO ORDERED.**

Dated:  June 9, 2022
        New York, NY

_____
KATHARINE H. PARKER
United States Magistrate Judge