

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/2022**

# Ronai & Ronai, LLP
Attorneys at Law

The Ronai Building
34 Adee Street, Port Chester, New York 10573
Telephone (914) 824-4777

August 9, 2022

Manhattan Office:
45 Rockefeller Plaza, Suite 2000
New York, NY 10111
Telephone (212) 268-4777

**VIA ECF**
Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:  Rivera v. Lettire Construction
     Case No.: 21-cv-06006-KPF-KHP

Dear Judge Parker:

>  Plaintiff's motion for a protective order is denied and Plaintiff is directed to produce the audio recordings by 1:00 p.m. today in order to allow Ms. Eccher time to review the recordings before the deposition. An opinion providing the Court's reasoning is forthcoming.
>
> SO ORDERED:
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE  8/12/2022

This office represents plaintiff Roman De Gabriel Rivera in the above referenced matter.

Please consider this letter as a motion for a Temporary Limited Protective Order permitting Plaintiff to delay exchanging copies of audio recordings in his possession of statements made by non-party witness Guillermo Sanchez Melgarejo, until after his deposition presently scheduled to be held on August 15, 2022, in order to ensure that his testimony at deposition reflects his own recollections and is not tailored to statements made in the recording.

On or about June 29, 2022, we were advised by defense counsel Billy Kim, Esq., that several non-party witnesses were now being represented by Ann P. Eccher, of Smith Mazure P.C. Thereafter, all three attorneys conferred to propose a deposition schedule, which included all of the non-party witnesses. All attorneys agreed that the deposition of Mr. Melgarejo would be held on Monday, August 15, 2022.

On August 4, 2022, just eleven days prior to the scheduled deposition of Mr. Melgarejo, Plaintiff received an e-mail from his attorney Ms. Eccher demanding a copy of any recorded or written statement in our possession of any of her clients, including Mr. Melgarejo. Ms. Eccher demanded that the statements be turned over ***prior*** to any of the witnesses appearing for their depositions, or else the witnesses would not be produced. Clearly, Ms. Eccher does not want her clients to be deposed until they can listen to the audio recordings in preparation of their depositions.

We are in possession of two recorded statements of Mr. Melgarejo. The audio recordings, *inter alia*, contain information as to what Mr. Melgarejo allegedly saw at the time of the subject occurrence.[1]

---

[1] The audio recordings were not previously disclosed as Plaintiff had planned to use them solely for impeachment purposes, if necessary. [Fed. Rule 26 (a)(1)(A)(ii)]

The insistence by the non-party witnesses to listen to their own audio recordings, if any, prior to being deposed, has buttressed Plaintiff's position that the audio recording should be held until after the deposition is completed - to ensure that the witness does not tailor his testimony to the recordings  Notably, "Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to present the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions." *Poppo v. AON Risk Services, Inc.*, 2000 WL 1800746, at *2 (S.D.N.Y. Dec. 6, 2000) (ruling that plaintiff did not have to produce secretly recorded audio recordings of officers and agents of defendant until after they were deposed); *McQueen v. Huddleston,* No. 13-CV-00302, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions").

Moreover, the delaying of producing a recording (in the instant case, an audio recording) until after the non-party witness has been deposed strikes a balance between the parties' interests. This relief preserves the value of the audio recording for impeachment purposes, while also providing the parties with relevant discovery prior to trial. *Katrinic v. Moonstar Logistics, LLC*, No. 19 Civ. 8733 (LGS) (S.D.N.Y. Feb. 25, 2020).

Should this application be granted, there would be no prejudice to Mr. Melgarejo. He was a party to the conversations and thus, should know the content of same. Plaintiff, on the other hand, has a compelling interest in learning the non-party witness' unrefreshed recollection of the subject occurrence. Moreover, the truth-seeking function of the deposition must be protected by withholding the production of the audio recordings until <u>after</u> the deposition is completed.

Accordingly, we respectfully request that the Court issue a temporary limited protective Order permitting Plaintiff to delay the production of said audio recordings until the deposition is completed.

Thank you for your consideration of our request.

Respectfully,

Holly Ostrov Ronai (HO 3923)

cc:   All parties via ECF
      Anne P. Eccher via email: aeccher@smithmazure.com