USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ROMAN DE GABRIEL RIVERA,

                        Plaintiff,

              -against-                            21-CV-6006 (KPF) (KHP)

LETTIRE CONSTRUCTION CORP., MOTT CENTER LLC,      **OPINION AND ORDER**
REDFERN FRP LLC, and PHIPPS HOUSES,

                        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

       Before the Court is Plaintiff's Letter Motion for a Temporary Limited Protective Order permitting Plaintiff to delay exchanging copies of audio recordings in his possession until after the deposition of non-party witness Guillermo Sanchez Melgarejo. (ECF No. 102.) The recordings were made by Plaintiff's counsel during telephone conversations with Melgarejo. (*Id.*) The parties dispute whether the recordings were made surreptitiously. Plaintiffs state that the audio recordings contain information about what Melgarejo saw at the time of the incident at issue in this lawsuit. Plaintiff acknowledges that the audio recordings should be produced, but seeks a protective order to delay production until after the deposition in question. (*Id.*)

       The issue was fully briefed on Thursday, August 11, 2022, and Melgarejo's deposition is scheduled to take place on Monday, August 15, 2022. In light of the time-sensitive nature of the motion, the Court considered the arguments and issued a memorandum endorsement denying Plaintiff's motion in the early afternoon of August 12, 2022. Below, the Court provides its reasoning for denying the motion.

       Additionally, after the Court issued the memorandum endorsement denying the motion for a protective order but before the Court filed this opinion providing its legal reasoning,

Plaintiff filed a motion asking the Court to "temporarily refrain from issuing the further opinion" and to grant Plaintiff additional time to turn over the recordings while they seek review of the Court's order. (ECF No. 112.) For the reasons stated below, this motion is also denied. However, to the extent the Plaintiff's counsel needs additional time to produce the recordings as a practical matter, they should endeavor to produce the recordings as soon as possible and the parties shall meet and confer in good faith to discuss rescheduling the deposition to another mutually agreeable date in August, 2022.

## LEGAL STANDARDS

1. <u>Motion for Protective Order</u>

A trial court enjoys wide discretion in its handling of pre-trial discovery." *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). Where a party seeks to delay discovery pending the completion of a deposition, that party may move for a protective order under Federal Rule of Civil Procedure 26(c). Rule 26(c) permits the Court to issue a protective order where the moving party shows "good cause" that an order is needed "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 Fed. App'x 504, 505 (2d Cir. 2011). To establish "good cause" under Rule 26(c), the moving party must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021) (citation omitted).

2. <u>Motion to Stay the Court's Order</u>

In considering a motion to stay a court's order pending appeal, the court should consider whether: (i) the movant will suffer irreparable injury absent a stay, (ii) a party will

2

suffer substantial injury if a stay is issued, (iii) the movant has demonstrated a substantial possibility of success on appeal, and (iv) the public interest may be affected. *Hirschfeld v. Bd. of Elecs.*, 984 F.2d 35, 39 (2d Cir. 1993) (citations omitted).

## APPLICATION

1. <u>Motion for a Protective Order</u>

Plaintiff argues there is good cause for a Protective Order here, because if Melgarejo listens to the audio recordings, he may tailor his testimony to statements made in the recordings. (ECF No. 102.) Plaintiff argues that it would be preferable if Melgarejo's testimony reflects "his own recollections" and is not altered based on anything in the recordings. For support, Plaintiff relies on a handful of cases where the court granted a protective order allowing the delayed production of recordings until after certain witnesses were deposed in order to prevent tailoring of testimony. (*Id.*) Defendants, in turn, cite to a handful of cases where courts considered the same question and denied the motion for a protective order. (ECF No. 106.)

Indeed, courts in this circuit have gone both ways on this issue, and it cannot be said that the production of recordings always should or never should be delayed until after a deposition. *See Avila v. Target Corp.*, 2021 WL 4311142, at *4 (E.D.N.Y. Sept. 22, 2021) ("This type of application is not uncommon, and yet, there are mixed results within this Circuit."). Rather, the question is highly fact-dependent, with the key question being whether the moving party has demonstrated good cause for the protective order. *Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016).

Plaintiff has not met his burden of demonstrating good cause for the issuance of the protective order here. In asserting that Melgarejo will improperly tailor his testimony, Plaintiff relies on conclusory allegations, unsupported by any particular and specific demonstration of fact. But "there is no reason to assume automatically that the party whose statements have been recorded will . . . lie during the course of his or her testimony." *Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21, 24 (E.D.N.Y. 2006) (denying motion for protective order to delay production of audio recordings until after deposition); *see also Gordon*, 318 F.R.D. at 246 (denying protective order where the moving party provided "no independent factual basis . . . other than the spectre that Plaintiff 'may tailor her testimony'"); *Rofail v. United States*, 227 F.R.D. 53, 59 (E.D.N.Y. 2005) (finding that a "mere conclusory statement that a party might tailor its testimony" to the recording did not establish good cause for a protective order). Plaintiff's conclusory allegations are insufficient to establish good cause here.

Moreover, it is unclear why "tailoring" of testimony is even a concern here. As the Court understands it, these recordings were made on a telephone call between Plaintiff's counsel and Melgarejo to discuss what Melgarejo saw at the scene of the incident at issue in this lawsuit. Presumably, Melgarejo spoke candidly during this conversation and provided Plaintiff's counsel with his recollections of the relevant events to the best of his ability. Plaintiff's counsel has made no allegations to the contrary. Melgarejo is not a party to this action, has no stake in the outcome, and has no motivation apparent to the Court to lie at his deposition. To the extent Melgarejo reviews his statements in the recording, which themselves reflect Melgarejo's "recollections" of the events at issue, it would likely only be to ensure his testimony is accurate and complete. It is well established that a witness may review evidence

4

prior to testifying in order to refresh his or her memory.  *See* Fed. R. Evid. 612; *Aviles v. S&P Glob., Inc.*, 2022 WL 336951, at *4 (S.D.N.Y. Feb. 4, 2022).  In other words, while the Court appreciates that in some instances, there is a high value in learning a witness's unrefreshed recollections, there does not appear to be any significant value in doing so here where the witness is a non-party who has no stake in the matter but merely witnessed the incident.

Plaintiff's cited cases are not to the contrary.  In those cases, the moving parties showed a concern that the witnesses in question would improperly tailor their testimony based on recordings that, in some way, caught the opposing party "in the act," so to speak.  In *Poppo v. AON Risk Servs., Inc.*, the recordings in question involved conversations between the defendants' agents that, plaintiff argued, showed that the defendants discriminated against her.  2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000).  The recording in *McQueen v. Huddleston* involved the voicemail allegedly made by the defendant that was directly at issue in the case.  2015 WL 3746733, at *1 (W.D.N.Y. June 15, 2015).  In this case, by contrast, the statements in question were made by a non-party witness to Plaintiff's counsel during a discussion about the incident in question.  Regardless of whether Melgarejo knew he was being recorded, Plaintiffs have shown no reason to suggest his statements at the deposition will deviate from his statements in the recording.

Similarly, Plaintiff's argument that a protective order here is necessary to preserve "the value of the audio recording for impeachment purposes" is unavailing.  (ECF No. 102.)  For support, Plaintiff cites *Katrinic v. Moonstar Logistics, LLC*, in which the court permitted the delay of production of surveillance video footage until after relevant depositions to preserve the impeachment value of the video footage.  No. 19 Civ. 8733 (LGS) (S.D.N.Y. Feb. 25, 2020).

5

But this case is distinguished from the one at hand, because authenticated surveillance videos are admissible evidence that can be used for substantive purposes. *United States v. Ikezi*, 353 F. App'x 482, 483 (2d Cir. 2009). As such, the impeachment value of such footage can be quite high. *See Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (explaining the value of surveillance films to be used for impeachment of a plaintiff suing for personal injuries in the event the plaintiff exaggerates his disabilities). By contrast, Melgarejo's recorded statements are out-of-court hearsay that were not made under oath, and any impeachment value of such statements is severely curtailed. Fed. R. Evid. 801; s*ee also Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) (explaining that prior inconsistent statements not made at a trial, hearing, proceeding, or deposition are "inadmissible hearsay for substantive purposes"). Moreover, as explained above, Plaintiff has provided no evidence suggesting that Melgarejo's testimony is likely to differ from his statements in the recording and that impeachment evidence will be needed. Accordingly, any impeachment value of the recordings here is not sufficiently high to warrant a protective order.

    2. <u>Motion to Stay Court's Order</u>

In considering the motion to stay, the Court considers whether: (i) the movant will suffer irreparable injury absent a stay, (ii) a party will suffer substantial injury if a stay is issued, (iii) the movant has demonstrated a substantial possibility of success on appeal, and (iv) the public interest may be affected. *Hirschfeld*, 984 F.2d at 39. None of these factors weigh in favor of a stay. For the reasons stated above, Plaintiff has not shown that he will be prejudiced if Melgarejo is permitted to review the audio recordings in advance of his deposition. Therefore, the first two factors do not weigh in favor of a stay. Plaintiff has also not

demonstrated a substantial possibility of success on appeal, and the third factor does not weigh in favor of a stay. Courts evaluate a denial of a motion for a protective order for abuse of discretion, and a court will only find abuse of discretion if the district court's decision rests on an error of law or a clearly erroneous finding of fact, or if the decision cannot be located within the range of permissible outcomes. *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 (2d Cir. 2011). The Court's decision here is well supported by precedent. Finally, the public interest will not be impacted by a stay. As such, the Court's order denying Plaintiff a protective order is not stayed.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a protective order is DENIED and Plaintiff's motion for a stay on the Court's order denying a protective order is also DENIED.

Plaintiff is directed to produce the recordings in question in advance of the deposition. To the extent Plaintiffs are not able to produce the recordings in a timely fashion, the parties are directed to meet and confer in good faith in order to reschedule the deposition for another date in August, 2022. The parties are encouraged to be flexible and cooperative with each other on this matter.

**The Clerk of the Court is respectfully requested to terminate the motion at ECF 112.**

**SO ORDERED.**

Dated: August 12, 2022  
      New York, New York

                                              KATHARINE H. PARKER  
                                              United States Magistrate Judge