UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMAN DE GABRIEL RIVERA,<br><br>                              Plaintiff,<br><br>-against-<br><br>LETTIRE CONSTRUCTION CORP., et al.,<br><br>                              Defendants. | 21-CV-6006 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

The Court has received defendants' letter for clarification and plaintiff's response. Dkts. 243, 244. The written summary judgment order, consistent with the reasons given at the hearing on the motions for summary judgment, is correct as written. As addressed at the hearing, plaintiff failed to adduce evidence giving rise to a genuine issue of material fact concerning defendants' violation of 12 NYCRR 23-1.7(b)(1)(i) standing alone. As discussed at the hearing (which was expressly referenced in the Court's order as the basis for the order), plaintiff offered no evidence that the safety railing was not constructed in compliance with section 23-1.7(b)(1)(i), instead arguing that under the circumstances, a covering was required by this section. There was no support for this position given the language of section 23-1.7(b)(1)(i), and thus summary judgment on this subdivision of the statute standing alone was proper. *See* Dkt. 220 at 19:19–26:15.

However, this subdivision does *not* stand alone. As the Court noted at the hearing, where section 23-1.7(b)(1)(i) applies, there are additional requirements addressed at, *inter alia*, section 23-1.7(b)(1)(iii), which refers back to the "hazardous opening" in (i). Defendants' summary judgment briefing did not address these interrelated requirements, and the Court gave defendants the chance to do so in their motion in limine. That is why, again consistent with the Court's oral ruling at the summary judgment hearing, the Court's written order states that summary judgment

was denied not as to subsection (i) standing alone, but as to "12 NYCRR 23-1.7(b)(1)(i), (iii)" taken together. Dkt. 212 at 1.

Plaintiff's argument that defendants were procedurally barred from seeking this clarification is meritless. "Although no Federal Rule of Civil Procedure specifically governs 'motions for clarification,' these motions are generally recognized and allowed by federal courts." *Barnes v. D.C.*, 289 F.R.D. 1, 13 n.6 (D.D.C. 2012). And this motion is not, as plaintiff argues, a Rule 59(e) motion in disguise. This motion asks to "clarify something ambiguous or vague," not to "alter or amend a judgment." *Casequin v. Cat 5 Contracting, Inc.*, 2021 WL 4748727, at *1 (M.D. Fla. Oct. 12, 2021) (distinguishing a motion for clarification from a Rule 59(e) motion).

The parties are reminded that in accordance with this Court's Individual Practices, requests of this nature should be filed as letter-motions rather than letters.

SO ORDERED.

Dated: January 8, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2